JOHN H. BARTON,

                Plaintiff,

v.                                                        Case No. 3:13-CV-1199 (GTS)

CAROLYN W. COLVIN,
Commissioner of Social Security,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LACHMAN & GORTON<br> Counsel for Plaintiff<br>300 S. State St., Ste. 420<br>Syracuse, NY 13202 | PETER A. GORTON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br> Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | AMANDA LOCKSHIN, ESQ. |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by John H. Barton ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 13, 16.) For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born on April 16, 1965. (T. 148.) He completed the eighth grade. (T. 159.) Generally, Plaintiff's alleged disability consists of arthritis in his back. (*Id.*) His alleged disability onset date is August 8, 2010. (T. 134.) His date last insured is December 31, 2015. (T. 29, 139.)[1] He previously worked in a manufacturing plant. (T. 151.)

   B.   **Procedural History**

On October 22, 2010, Plaintiff applied for Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 134.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 21, 2012, Plaintiff appeared before the ALJ, Marie Greener. (T. 26-54.) On August 6, 2012, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 13-25.) On September 12, 2013, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 16-22.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2015 and had not engaged in substantial gainful

---

[1] The record also lists Plaintiff's date last insured as December 31, 2014. (T. 55, 148.) At the hearing the ALJ and Plaintiff's counsel stated Plaintiff's date last insured was December 31, 2015; therefore, this Court will use the December 31, 2015 date.

activity since August 8, 2010. (T. 18.) Second, the ALJ found Plaintiff had the severe impairments of lumbar degenerative disc disease ("DDD") and obesity. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 19.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work. (*Id.*)[2] Fifth, the ALJ determined Plaintiff was unable to perform his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 21-22.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes four separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ failed to find that Plaintiff's sitting was limited and he required a sit/stand option. (Dkt. No. 13 at 5-12 [Pl.'s Mem. of Law].) Second, Plaintiff argues the ALJ did not properly evaluate the treating physician rule and failed to re-contact the treating physician. (*Id.* at 12-15.) Third, Plaintiff argues the ALJ failed to consider pain and the side effects of pain medication. (*Id.* at 15-16.) Fourth, and lastly, Plaintiff argues the ALJ did not properly evaluate his credibility. (*Id.* at 16-18.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ properly considered the medical evidence and properly assessed Plaintiff's RFC. (Dkt.

---

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

3

No. 16 at 4-10 [Def.'s Mem. of Law].) Second, and lastly, Defendant argues the ALJ correctly assessed Plaintiff's credibility. (*Id.* at 10-12.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1620. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the

5

claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV.  ANALYSIS

### A.  Whether the ALJ Properly Considered the Medical Evidence from Thomas Osborne, M.D. and Khalid Sethi, M.D.

After carefully considering the matter, the Court answers this question in the negative, for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 13 at 12-15 [Pl.'s Mem. of Law].) The Court adds the following analysis.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Id.* at § 404.1527(c)(2). An ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)).

Here, the ALJ afforded the opinions of Plaintiff's treating sources, Dr. Osborne and Dr. Sethi, "no weight." (T. 20.) In rejecting the sources' opinions, the ALJ did not

6

follow the factors outlined in the Regulations, instead she reasoned that their statements regarding Plaintiff's disability status were entitled to "no weight" because they were not "functionally specific" and because the opinions were made in the context of Plaintiff's worker's compensation claim. (*Id.*) An ALJ does not have to accept the opinion of a treating source; however, "a strong showing [] must be made in principle to justify throwing a treating physician's opinion away." *Borgo-Hansen v. Covlin*, 2015 WL 3757520, at * 14 (D.Conn. June 17, 2015.) Here, the ALJ threw away the treating sources' opinions without proper justification. The ALJ failed to follow the Regulation as a matter of law and further, she should have re-contacted the treating sources for a functional assessment.

To be sure, an ALJ is responsible for making the determination or decision about whether a plaintiff meets the statutory definition of disability. 20 C.F.R. § 404.1527. Although an ALJ does not have to adopt a physician's statement that a plaintiff is disabled or unable to work, the ALJ must still adhere to the Regulations when assessing medical opinions in the record. The treating sources in this case provided medical statements for the purpose of worker's compensation; therefore, by the very nature of their work they were required to give an opinion regarding Plaintiff's ability (or inability) to work. An ALJ cannot justifiably reject the whole of a treating source's opinion because that treating source opined on the disability status of the plaintiff within the context of his own examination.

The Regulation, as outlined above, provides specific factors that must be considered by an ALJ when weighing opinion evidence. To be sure, where an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go

through each and every factor of the Regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear"). Here, the ALJ's terse analysis and outright rejection of the treating sources' opinions in her decision ignores the Regulation completely. The only indication that the ALJ was aware of the Regulation was in the decision's boilerplate language stating she "considered the opinion evidence in accordance with 20 C.F.R. 404.1527." (T. 19.) The ALJ's decision provided no indication that she actually applied 20 C.F.R. § 404.1527 in her rejection of the treating sources' opinions.

An ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician, including an assessment of the claimant's functional capacity, in order to afford the claimant a full and fair hearing. *See Smith v. Astrue*, 896 F. Supp. 2d. 163, 176 (N.D.N.Y. 2012) (*citing* 20 C.F.R. § 404.1512(e)); *Devora v. Barnhart*, 205 F. Supp. 2d 164, 174 (S.D.N.Y. 2002) (collecting cases); *Hardhardt v. Astrue*, No. 05–CV–2229, 2008 WL 2244995, at *9 (E.D.N.Y. May 29, 2008)). However, the ALJ has no duty to re-contact a source where the evidence submitted by that source is complete. Where the source's opinion includes all of the factors set forth in 20 C.F.R. § 404.1513[3] and there is no indication that further contact will result in additional information, re-contact is not necessary. *See Hluska v. Astrue*, No. 06-CV-0485, 2009 WL 799967, at *17 (N.D.N.Y. Mar. 25, 2009).

---

[3]     Pursuant to 20 C.F.R. § 404.1513(b), medical reports should include a patient's (1) medical history, (2) clinical findings, (3) laboratory findings, (4) diagnosis, (5) treatment prescribed with response and prognosis, and a (6) statement about what the patient can still do despite his or her impairments based on the findings set forth in factors (1) through (5).

8

Here, the ALJ emphasized the lack of specific functional limitations provided by the treating sources and used this lack of information to support her rejection of their opinions. (T. 20.) Lack of specific functional limitations does not mean that a plaintiff has none, "[a] treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting an ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment." *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 705 (8th Cir. 2001).Given the ALJ's heightened emphasis on the lack of specific functional limitations, the ALJ should have re-contacted the treating source to obtain such information.

Defendant argues that the ALJ's RFC analysis was supported by substantial evidence, because the ALJ properly relied on the opinions of the consultative examiner and non-examining State agency medical consultant. (Dkt. No. 16 at 4-7 [Def.'s Mem. of Law].) However, this Court cannot determine whether substantial evidence supported the ALJ's RFC determination, because there is a "reasonable basis for doubt" as to whether correct legal principles were applied; therefore, the substantial evidence standard may not be used to uphold the ALJ's decision. *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 280 (N.D.N.Y. 2009) (*citing Johnson v. Bowen,* 817 F.2d 983, 986 (2d Cir.1987)). This matter is remanded so that the ALJ may obtain a functional report from Plaintiff's treating physicians and properly analyze their opinions in accordance with the factors outlined in 20 C.F.R. § 404.1527(c).

Plaintiff also makes an argument that the ALJ failed to find Plaintiff's sitting was limited and Plaintiff required a sit/stand at will option. (Dkt. No. 13 at 5-12 [Pl.'s Mem. of Law].) As this matter is being remanded for the ALJ to properly assess the treating physician's opinion, and to request additional evidence from the treating physician, the ALJ should then re-evaluate Plaintiff's full RFC, including any additional limitations on sitting, at the subsequent hearing.

**B.    Whether the ALJ Properly Assessed Plaintiff's Credibility.**

After carefully considering the matter, the Court answers this question in the negative, for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 13 at 15-16 [Pl.'s Mem. of Law].) The Court adds the following analysis.

A plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... [they are] supported by objective medical evidence." *Rockwood*, 614 F. Supp. at 270 (*quoting Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992)). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Montaldo v. Astrue*, No. 10-CV-6163, 2012 WL 893186, at *17 (S.D.N.Y. Mar. 15, 2012). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

"The ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. First, the ALJ must determine whether the claimant

has medically determinable impairments, which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*, at 271.

> Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. Because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, an ALJ will consider the following factors in assessing a claimant's credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.

*Id.* Further, "[i]t is the role of the Commissioner, not the reviewing court, 'to resolve evidentiary conflicts and to appraise the credibility of witnesses,' including with respect to the severity of a claimant's symptoms." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (*citing Carroll v. Sec'y of Health & Human Servs.,* 705 F.2d 638, 642 (2d Cir.1983)).

Plaintiff essentially makes two arguments regarding the ALJ's credibility assessment. First, Plaintiff argues the ALJ erred in her overall credibility analysis and second, Plaintiff argues the ALJ erred in failing to consider Plaintiff's pain and side effects from medications. (Dkt. No. 13 at 15-18 [Pl.'s Mem. of Law].)

First, as this matter is being remanded for a proper evaluation of the objective medical evidence, therefore, the ALJ should conduct a new credibility analysis based on a thorough review of all the medical evidence in the record.

Second, when an ALJ's credibility analysis is flawed because the determination is based on so serious a misunderstanding of the plaintiff's statements, as they pertain to symptoms or pain intensity and duration as well as the possible limiting effects on his capacity to work, then the decision cannot be deemed to have complied with the evaluative requirements under 20 C.F.R. § 404.1529 and remand is required. *See Genier v. Astrue,* 606 F.3d 46, 50 (2d Cir. 2010).

In support of her determination that Plaintiff was not credible, the ALJ claims Plaintiff's statements were inconsistent with examination results. (T. 21.) In support of her conclusion, the ALJ provided the example of an October 2010 emergency room visit during which the ALJ claimed it was observed that Plaintiff had "range of motion in all extremities." (*Id. referring to* T. 194.) However, while the report stated Plaintiff's range of motion in extremities was "normal," it also Plaintiff had "limited [range of motion] of the back." (T. 194.) Further, the ALJ stated Plaintiff's treating physicians noted Plaintiff was only in "mild distress." (T. 21.) Plaintiff's treating physicians did note "mild distress" in October 2011 (although they also noted that Plaintiff had "significant pain" when bending forward), in December 2011, in January 2012, in February of 2012, and in March of 2012. (T. 288, 284, 281, 277, and 274.) However, Plaintiff's physician's also noted he was in "moderate distress" in August 2010, October 2010, and April 2012. (T. 205, 211, 271.) In May of 2012 it was noted that Plaintiff "appears as always in some pain." (T. 267.) The ALJ erred in her selective reading of the record and failing to

reconcile contrary notations of limited range of motion, moderate distress, and pain which supported Plaintiff's credibility.

The ALJ's credibility analysis was flawed because, as stated in Part IV.A, the ALJ's review of the objective medical evidence in the record was performed in error. A credibility analysis could not be conducted in the absence of a proper analysis of the objective medical evidence. The ALJ also misstated evidence in the record, which further requires remand.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: September 15, 2015
         Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge